## HART et al. v. HART.

### Appeal from Henry District Court — Saturday, December 7.

#### CORRECTION OF INSTRUMENTS: AGREEMENT TO SUPPORT RELATIVES, ETC.

THE plaintiff, Rachel, is the aged widow of one William Hart, deceased. Joseph, her co-plaintiff, being a lunatic, appeared by his guardian.

The defendant is the son of Rachel and brother of Joseph. In the will of the father of the defendant (husband of Rachel, the plaintiff), there was provision made for "a good and comfortable living" for the said Joseph, including "bedding, clothing, medical attendance and funeral expenses out of my home place, which support is hereby charged upon the same." This "home place" was situate in Pennsylvania. In this home place the mother of the defendant, the said Rachel, had, it seems, a dower interest or life estate. The defendant

Jacob, in order to sell the home place, wished to free the same from the charge in favor of his brother Joseph, and the life estate of his mother, Rachel.

In consideration that the mother and son (the plaintiffs in the present suit) would release their interests to the defendant in the home place (which they did), he, the defendant (who lived in Henry county, Iowa), executed to them the mortgage in suit upon certain land in Henry county. This mortgage was made October 11, 1859, in the State of Pennsylvania, and contains the following conditions, viz.: "if the said Rachel Hart shall have and receive a good and comfortable living from and out of the said property, whether it be boarding, clothing, medical attendance or funeral expenses, and if Joseph Hart shall have and receive his support and maintenance from and out of the same, for and during his natural life, then as well this indenture and the estate hereby granted shall be null and void."

The present action is instituted by the mother and in behalf of Joseph, to enforce this agreement, claiming that since April, 1860, defendant has failed to furnish the plaintiffs adequate support, and asking to recover the value thereof, to be enforced against the mortgage estate. The main defense is that the real contract was that defendant was to furnish this support in Henry county, Iowa, by maintaining the plaintiffs at his own house, which he has always been willing to do, but they refuse to live in Iowa, and insist upon living in Pennsylvania. By cross-bill defendant asks that the agreement or mortgage in suit be corrected, so as to read that "the said Rachel and Joseph are to come to Henry county, Iowa, and reside with the defendant, he providing for them as members of his family, said Joseph to do what work he can for defendant," etc.

There is also some controversy as to the sums which defendant has paid to or for the plaintiffs.

Upon the testimony, the court refused to correct the mortgage as asked by defendant, and decreed that the plaintiffs were entitled to their support, to be levied out of the mortgaged estate at the rate of two hundred dollars per year, from April 15th, 1860, to April 15th, 1866 (date of decree being July, 1866), subject to certain credits, the amount whereof was ascertained by a special commissioner appointed by the court. From this decree the defendant appeals.

*H. & R. Ambler* for the appellant — *L. G. Palmer* for the appellee.

DILLON, J. — I. We propose briefly to notice the objections to the decree, which are presented in the written argument submitted on behalf of the defendant.

And, first, it is insisted that, upon the evidence, the court should have corrected the mortgage as prayed by defendant in what he styles his cross-bill.

Upon a careful examination we are prepared to affirm, that the evidence *falls far short* of establishing that by any accident or mistake the instrument in suit reads differently from what was intended by the parties. It is true, that soon after the execution of the instrument the plaintiffs did come to Iowa and for a few months resided with the defendant, but, becoming dissatisfied with the living furnished, or for some other reason, they returned to Pennsylvania in the spring of 1860, and have there ever since remained. But that it was the agreement that unless the plaintiffs came to Iowa and resided with the defendant, they were to have nothing, and that otherwise defendant was to be under no obligation to support them, we do not believe.

Much less is it shown that this was intended to be embraced or set down in the instrument in suit, and was omitted by accident or mistake, as alleged by the defendant.

The defendant's conduct and acts are against his present claim.

He furnished plaintiffs with money to return, and has since, from time to time, furnished them with money under the agreement, and has claimed and received credit therefor. Not only so, but in his own name he purchased a house in Pennsylvania for his mother to live in, and the value of the use of it was considered by the court in fixing the amounts due the plaintiffs from the defendant.

II. It is next objected that the instrument does not create any *personal* demand against the defendant, but simply pledges the land; and consequently the court erred in rendering a personal decree against the defendant. The plaintiffs do not complain of the decree. The decree seems to be very carefully framed, and, upon examining it, we find that it does not make or undertake to make the defendant liable beyond the value of the land. The defendant's objection to the decree, were it conceded to be valid in point of law, is without foundation in fact. Whether the *plaintiffs* could successfully object to it for this reason, we have no occasion to determine, as they do not, as stated above, make any complaint against it.

III. Finally it is urged that the value of the use of the house in Pennsylvania together with the sums paid plaintiffs, equal the amount of their just and reasonable claims under the instrument in suit.

We think not. The decree below was sufficiently favorable to the defendant in this respect.

It bears abundant evidence of thoughtful consideration and the amount allowed is, to say the least, as small as the evidence or the circumstances would warrant.

Upon the whole we are well satisfied that the case was most equitably disposed of, and the cause is remanded that the decree below, less the credits reported by the commissioner, may be enforced.

Affirmed.